UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HENRY LEE GRAHAM, )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent* ) | CAUSE NO. 3:11-CV-470RM<br>(Arising out of 3:10-CR-94(01)RM) |

OPINION and ORDER

In August 2010, Henry Graham pleaded guilty to an information charging him with making false statements on an ATF form in an attempt to acquire a firearm in violation of 18 U.S.C. § 922(a)(6). Issues arose as to Mr. Graham's competency and sentencing was delayed until psychological evaluations and treatment were completed. Mr. Graham was sentenced on October 26, 2011 to time served (a little over twelve months), and was placed on supervised release for a period of three years. Although Mr. Graham expressly waived his right to appeal his conviction and sentence or to contest either in any post-conviction proceeding in his plea agreement, he is now before the court having filed a *pro se* complaint under 42 U.S.C. § 1983, in which he alleges that his criminal conviction and sentence violated his right to bear arms under the Second Amendment.

Mr. Graham's complaint is for all intents and purposes a motion for post-judgment relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255 para. 1; United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). The court construed it as such, and gave Mr. Graham an opportunity to withdraw the complaint or to

submit any materials he wished the court to consider. Mr. Graham didn't object to the proposed action or file any additional materials, but submitted an unsigned and incomplete application to proceed without prepaying fees or costs.

For the reasons that follow, the court summarily dismisses Mr. Graham's petition, and denies his application to proceed without prepayment of the fees as unnecessary. *See* Howliet v. United States, 2009 WL 5215597 at *1 (S.D. Ill. Dec. 30, 2009) (no fee for filing a § 2255 motion); Washington v United States, 2008 WL 1925144 at *1 (E.D. Wis. Apr. 30, 2008) (petitioner in a § 2255 proceeding not required to submit filing fee).

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Graham's plea agreement reveals that he was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed

by Mr. Graham, his attorney H. Jay Stevens, and Assistant United States Attorney Donald Schmid and contained the following language in paragraph 9:

> (b) I admit all of the following facts are true:
>
> On 6/4/10, Henry Graham attempted to purchase a firearm from Indiana Arms and Ammo. During the attempted purchase, Graham falsely denied his personal drug use and falsely stated his address on ATF form 4473. When interviewed by ATF on June 22, 2010, Graham admitted his regular marijuana use (and past use of crack). He also admitted his false statement on the 4473 regarding his residence address.
>
> (c) The maximum penalites for a violation of Title 18, United States Code, Section 922(a)(6) are: a maximum of 10 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100.
>
> (d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction and sentence or the restitution order was determined or imposed on anyor to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Graham now challenges his conviction and sentence, contending that they violate his constitutional right to bear arms under the Second Amendment.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Graham doesn't challenge his conviction or sentence on any of those grounds, and his constitutional challenge is without merit.

Mr. Graham was charged with and pleaded guilty to making false statements on an ATF form in an attempt to acquire a firearm in violation of 18 U.S.C. § 922(a)(6). During the plea hearing, he admitted that he was an unlawful user of a controlled substance and that he provided false information on the ATF form about his address and drug use in an attempt to acquire a firearm. While the Second Amendment confers an individual right of as-yet uncertain scope to keep and bear arms for lawful purposes, *see* McDonald v. Chicago, _ U.S. _, 130 S.Ct. 3020 (2010); District of Columbia v. Heller, 554 U.S. 570 (2008), that right doesn't give a person the right to lie to acquire a firearm. *See* McDonald v.

Chicago,130 S.Ct. at 3047 (acknowledging that there are presumptively lawful regulatory measures limiting the Second Amendment right to bear arms, including "laws imposing conditions and qualifications on the commercial sale of arms"); District of Columbia v. Heller, 554 U.S. at 625-27 (noting that "the right secured by the Second Amendment is not unlimited," and that laws imposing conditions and qualifications on the commercial sale of arms are "presumptively lawful regulatory measures").

Mr. Graham's sworn statements at his change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Accordingly, Mr. Graham isn't entitled to the relief he seeks, and the court SUMMARILY DISMISSES his petition.[1]

SO ORDERED.

ENTERED:   February 24, 2012

---

[1] The outcome would not have been different had Mr. Graham been allowed to proceed under 42 U.S.C. § 1983. To prevent abusive, captious or meritless litigation, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2). To state a viable claim under § 1983, Mr. Graham had to allege facts which, if true, would show that the government violated his Second Amendment right to bear arms. He has not done so.

5

/s/ Robert L. Miller, Jr.
Judge
United States District Court